# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS
## AT KANSAS CITY

KARL PRATHER,                )
                             )   Case No.
          **Plaintiff,**    )
                             )
v.                           )
                             )
LINEAGE MAILING SERVICES, L.L.C.,  )
                             )
          **Defendant.**    )

## PLAINTIFF'S COMPLAINT

COMES NOW, Plaintiff Karl Prather, and in support of his Complaint, states, alleges, and avers as follows:

## GENERAL ALLEGATIONS

1. Plaintiff is a Kansas resident, residing at 14111 Constance Court, Olathe, Johnson County, Kansas.

2. Defendant Lineage Mailing Services, L.L.C. (hereinafter, "Lineage") does business at 11555 W. 83rd Terrace, Overland Par, Johnson County, Kansas, and may be duly served at the same address.

3. Plaintiff was an employee of the Defendant, until his termination on November 15, 2016.

4. Two or three weeks after beginning his employment, Plaintiff suffered an episode of pericarditis. As a result, Plaintiff was hospitalized and missed time from work.

5. As a result of his condition, Plaintiff was ordered to attend physical therapy daily for two weeks and then taper off to twice per week, as needed.

6. Plaintiff was scheduled to work until 5:00 p.m., most days; to make his physical therapy appointments, he had to leave work immediately at 5:00.

7. Despite this, Defendant began complaining about Plaintiff's work habits and telling other co-workers that Plaintiff was lazy.

8. Defendant began retaliating against Plaintiff for missing time to attend his doctor's appointments.

9. Plaintiff sustained a disability, during the course of his employment, related to his heart, and Defendant had knowledge of Plaintiff's disability.

10. On November 21, 2016, Defendant fired Plaintiff.

11. On May 8, 2017, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter, "EEOC"). The corresponding charge number is 563-2017-01382. The complaint alleged discrimination on the bases of Disability, Kansas state laws, and retaliation. On October 11, 2017, Plaintiff was issued a Right to Sue Letter. The charge and the right to sue letter are attached hereto, as "Exhibit A". The charges asserted therein are incorporated by reference as if more fully set forth herein.

12. Defendant at all times pertinent hereto, is and has been an "employer" within the meaning of Title VII of the Civil Rights Act.

13. At all times relevant hereto, Defendant has employed more than 15 employees.

14. The Court, pursuant to Title VII of the Civil Rights Act, has original subject matter jurisdiction over all of the Plaintiff's EEOC claims.

15. The events giving rise to this matter having occurred in Johnson County, Kansas, the Kansas City Division is the proper venue.

16. Plaintiff has exhausted all administrative remedies.

## COUNT I. DISABILITY DISCRIMINATION

17. Plaintiff incorporates all the preceding paragraphs and allegations by reference as if more fully set forth herein.

18. Plaintiff was subject to adverse treatment on the basis of his disability.

19. Plaintiff, while employed by Defendant, was the subject of adverse action and discrimination by Defendant on the basis of his disability, from the time of his pericarditis to his termination on November 21, 2016.

20. Plaintiff was treated differently than other similarly situated able-bodied individuals.

21. Defendant's acts of discrimination include, but are not limited to, one or more of the following:

    a. Disciplining the Plaintiff, and not disciplining similarly situated able employees;

    b. Changing the Plaintiff's assignments and responsibilities, on the basis of his disability;

    c. Reprimanding the Plaintiff, because of his disability, but not reprimanding other similarly situated able employees;

    d. Terminating Plaintiff, because of his disability, but not terminating similarly situated able employees.

22. As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff is now suffering and will continue to suffer damages, including lost wages and benefits, emotional distress, pain and suffering, inconvenience, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count I of his Complaint, for all actual damages and losses shown in evidence, and determined by a jury to be reasonable and fair, including, but not limited to:  an award of back pay, including lost fringe benefits, bonuses, and cost of living increases; an award of front pay; for any other compensatory damages; for pre-judgment interest; for punitive damages, attorneys' fees, and all other damages, expenses, and costs incurred, and for other relief as the Court deems proper and just.

## COUNT IV:   DISABILITY RETALIATION

1. The Plaintiff incorporates by reference the previous paragraphs as though more fully set forth herein.

2. Plaintiff had a disability, and Defendant had knowledge of it.

3. Plaintiff needed time away from work to attend doctor's appointments because of his disability.

4. Because of Plaintiff going to the doctor, and other actions taken in exercise of his protected rights, the Defendant terminated the Plaintiff.

5. A causal connection existed between the protected activity of seeking medical treatment and the termination.

6. The stated reason for the termination was false and pretextual.

7. The Plaintiff has sustained damages as a direct and proximate cause of the Defendant's behavior.

WHEREFORE, the Plaintiff requests the Court to enter a judgment against the Defendant in Count II of his Complaint, excess of $75,000, for back pay, including wage increases and reimbursement of any lost fringe benefits, retirement plan benefits, pension benefits, Social Security contributions, for an award of front pay, emotional pain and suffering, mental anguish, inconvenience, loss of enjoyment of life, for punitive damages, for pre-judgment interest, for costs and for such other and further relief as the Court may deem just and equitable.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all applicable issues, counts, and claims asserted in this Cause of Action.

Respectfully Submitted,

                THE LAW OFFICE OF PHILLIP M. MURPHY II

      /s/  Phillip M. Murphy II_____
PHILLIP M. MURPHY II       #23770
4717 Grand Ave., Ste. 250
Kansas City, MO 64112
Phone: (913) 661-2900
Fax:    (913) 314-5841
E-mail: phillip@phillilpmurphylaw.com
**ATTORNEYS FOR PLAINTIFFS**

5